IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETE A. PETRAKIS, | ) | |
| | ) | Case No. 21-cv-3910 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| COMPU-LINK CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 12, 2021, plaintiff Pete A. Petrakis filed his complaint-at-law in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, against defendants Compu-Link Corporation d/b/a Celink ("Celink") and PHH Mortgage Corporation ("PHH") alleging breach of fiduciary duty, negligence, breach of contract, and negligent misrepresentation in relation to a reverse mortgage. Defendant PHH, with the consent of Celink, removed the action to the Court on July 22, 2021, after which plaintiff filed the present motion to remand. For the following reasons, the Court grants Petrakis' motion to remand.

**Background**

PHH removed this lawsuit based on diversity jurisdiction alleging that Celink is a citizen of Michigan, PHH is a citizen of New Jersey, and plaintiff is a citizen of Illinois. *See* 28 U.S.C. § 1332(a)(1). In its notice of removal, PHH also alleged that the amount-in-controversy exceeds $75,000, exclusive of interests and costs. In his motion to remand, Petrakis contests defendants' amount-in-controversy allegations.

**Legal Standard**

The proponents of federal jurisdiction, here the defendants, have the burden of showing that the jurisdictional amount-in-controversy is met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir.

2006). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014). If the plaintiff contests defendant's amount-in-controversy allegations, removal is proper "'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 88 (quoting 28 U.S.C. § 1446(c)(2)(B)). In other words, if the non-removing party contests the amount-in-controversy allegations, the removing party can establish the threshold amount-in-controversy by providing a good faith estimate that is supported by evidence. *Sabrina Roppo v. Travelers Commercial Ins. Co.,* 869 F.3d 568, 579 (7th Cir. 2017); *see also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) ("a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence.").

**Discussion**

Ignoring this standard, defendants argue that they only need to establish that it is legally possible for Petrakis to recover the jurisdictional minimum despite Petrakis contesting the amount-in-controversy allegations. Nevertheless, Seventh Circuit case law is abundantly clear that once a party contests the amount-in-controversy, the proponent of federal court jurisdiction must prove jurisdictional facts by a preponderance of the evidence. *See Sabrina Roppo*, 869 F.3d at 579; *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011); *Oshana*, 472 F.3d at 511; *Meridian*, 441 F.3d at 543. This is especially true in the context of the removal statute, 28 U.S.C. § 1446, that was amended as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 clarifying the procedure for when a plaintiff challenges a defendant's assertion of the amount-in-controversy. *See Dart Cherokee*, 574 U.S. at 88; 28 U.S.C. § 1446(c)(2)(B). In any event, the burden on defendants is not onerous—they must set forth a good faith estimate that is "plausible" and "adequately

2

supported by the evidence." *Bloomberg*, 639 F.3d at 763. Once defendants meet this burden, plaintiff

must establish that his claims are for less than the requisite amount to a "legal certainty." *Sabrina*

*Roppo*, 869 F.3d at 579; *Oshana*, 472 F.3d at 511.

Here, defendants have not provided any evidence in support of their assertions as to the

amount-in-controversy, so the Court does not reach whether Petrakis' claims are less than the

jurisdictional amount to a legal certainty. The Court grants plaintiff's motion to remand.

**Conclusion**

For these reasons, the Court grants plaintiff's motion to remand [17] and remands this

lawsuit to the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois. The Court denies

plaintiff's request for costs and fees.

**IT IS SO ORDERED.**

Date: 10/12/2021

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

3